**Walter GRANT, Plaintiff–Appellant,**

v.

**Melvin L. HOLLINS, Superintendent of Oneida Correctional Facility, Sheila Lewis and Louise D. Robinson, Defendants–Appellees.**

No. 02–0106.

United States Court of Appeals, Second Circuit.

May 14, 2003.

Walter Grant, Oneida Correctional Facility, Rome, NY, pro se.

Edward Lindner, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, and Peter H. Schiff, Senior Counsel, on the brief), Albany, N.Y., for Appellee.

---

\* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

PRESENT: LEVAL, CABRANES, Circuit Judges, and MURTHA,\* District Judge.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 14th day of May, two thousand and three.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff Walter Grant is a prisoner at the Oneida Correctional Facility in Rome, New York. On June 15, 1999, he filed a complaint against Melvin L. Hollins, Superintendent of the Oneida Correctional Facility, and two private citizens, Sheila Lewis and Louise Robinson. The complaint alleges that the defendants violated Grant's constitutional right to send legal mail and to access the courts by conspiring to prevent him from serving legal papers on Lewis and Robinson.

It is undisputed that, in his capacity as superintendent of the correctional facility

where Grant was housed, Hollins issued a "negative correspondence order" prohibiting Grant from corresponding with either Lewis or Robinson. The order was issued at the request of Lewis, who had testified against Grant at his criminal trial. Lewis claimed that she and her mother, Robinson, had received threatening communication from Grant and did not wish to receive any further correspondence from him.

The parties filed cross-motions for summary judgment and, on October 16, 2001, Magistrate Judge David R. Homer issued a Report and Recommendation recommending that the District Court grant the defendants' motion in its entirety. Although Magistrate Judge Homer determined that Grant had adequately exhausted his administrative remedies by sending a letter to Hollins contesting the issuance of the "negative correspondence order," he recommended that the District Court grant the defendant's summary judgment motion on the merits. Specifically, the Report and Recommendation concluded that (1) Grant had failed to demonstrate that he suffered any injury as a result of the order and (2) the order did not violate Grant's constitutional rights because it was "reasonably related to legitimate penological interests."

On March 27, 2002, the District Court adopted Magistrate Judge Homer's Report and Recommendation for essentially the reasons stated therein. The Court did not address the exhaustion issue.

Grant timely appealed the District Court's order. He has also petitioned this Court for a writ of mandamus compelling Hollins to rescind the "negative correspondence order." The defendants argue that we should affirm the District Court order on the ground that Grant has failed to exhaust his administrative remedies. This Court has not yet determined whether and in what circumstances a letter to a prison

superintendent will be sufficient to satisfy the exhaustion requirement of the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321–71 (1996), codified at 42 U.S.C. § 1997e(a). Because Grant's claim is utterly without merit, however, we need not decide this issue.

42 U.S.C. § 1997e(c)(2) provides as follows:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

We have held that § 1997e(c)(2) exists because "exhaustion would be fruitless in an action that the court has determined to be irremediably defective." *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir.1999).

We have no doubt that Grant's action is "irremediably defective." *Id.* As an initial matter, Grant cannot receive the monetary relief he is seeking from defendants Lewis and Robinson because they are not state actors.

Moreover, Grant has failed to state a claim upon which relief can be granted. In order for an inmate to state a valid § 1983 claim for denial of access to the courts due to interference with his or her legal mail, the inmate must allege actual injury. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Although Grant claims that correspondence with Lewis and Robinson was necessary to a habeas corpus petition he has filed, he does not indicate how his habeas petition was hampered by his alleged inability to correspond with Lewis and Robinson. Moreover, Grant's habeas petition was dismissed as untimely and, therefore, Grant cannot demonstrate any injury from his alleged inability to send legal correspondence to Lewis and Robinson.

The District Court also properly determined that Grant had failed to state a claim with respect to the constitutionality of the Department of Correctional Services' Directive that provides for the issuance of "negative correspondence orders." For the reasons stated by the District Court, the directive (which only provides for "negative correspondence orders" where the recipient requests that the prisoner no longer contact her) comports with the test set forth by the Supreme Court in *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

For the foregoing reasons, the judgment of the District Court is AFFIRMED and Grant's petition for a writ of mandamus is DENIED.